**\*\* E-filed April 29, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD NICHOLAS,<br><br>        Plaintiff,<br>    v.<br><br>UNITED AIR LINES, INC., and DOES 1–50, inclusive,<br><br>        Defendants.<br>_____/ | No. C09-02089 RS (HRL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RULE 35 MENTAL EXAMINATION**<br><br>[Re: Docket No. 17] |

    Chad Nicholas alleges that he injured his back on September 5, 2007 during the landing of a United Air Lines ("United") flight. His claims against United include chronic pain, an attention deficit as a result of the pain, and emotional distress. United now moves to compel a Rule 35 mental examination of plaintiff, and plaintiff opposes the motion.

    Nicholas has agreed to a defense exam with a neuropsychologist. However, United requests that the court compel Nicholas to submit to a three-hour examination with a psychiatrist in addition to testing conducted by a neuropsychologist on a different day. United intends to have only the psychiatrist, Bernard Rappaport, M.D., act as its expert; it asserts that Dr. Rappaport will use the test results from the neuropsychologist, Howard Friedman, Ph.D., to help develop his opinion.

    United argues that Nicholas's mental condition is in controversy because he claims that the events on the flight resulted in "chronic back pain and injury which have caused him an ongoing attention deficit which will diminish his current and future earning capacity, and which has strained

in a significant fashion his relationship with his wife." (Mot. 8.) It submits that there is good cause for a complete mental examination because the evidence developed thus far—including that plaintiff's treating physician cannot explain why he has not yet recovered and that plaintiff is unable to distinguish between stress caused by his pain and stress caused by his job—shows that his claims are psychologically based. (*See* Mot. 3–5.)

Nicholas counters that he is not claiming a psychiatric injury or disorder. Instead, he asserts that he is only claiming "the very limited and discrete injury of pain causing him problems with attention and concentration" as well as "garden variety" emotional distress. (Opp'n 1, 4.) He says that as a result, there is no need for a "second mental examination" by a psychiatrist. (*Id.*)

Under the Federal Rules, where good cause is shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). The court finds that Nicholas's mental condition is in controversy because he is claiming long-term interference with both his job and marriage as a result of his injuries, which his treating physician is unable to explain. It is also clear from the record that both Drs. Friedman and Rappaport are qualified to conduct the exam. Finally, defendant has shown good cause to conduct a mental examination because the evidence supports that there may be a significant psychological component to Nicholas's lingering injuries.

Plaintiff has already agreed to submit to neuropsychological testing, and he presents no authority to suggest that defendant cannot opt to have a psychiatrist utilize the results of such testing to develop an opinion for use in this case. In fact, at the hearing, he conceded that such a process would be acceptable under certain circumstances.

Accordingly, the court GRANTS defendant's motion. Plaintiff shall submit to an examination by Dr. Rappaport on May 4, 2010 and for neuropsychological testing by Dr. Friedman on May 10, 2010. Dr. Friedman's testing protocol shall not exceed eight hours, and pursuant to its representation to the court, defendant shall not utilize Dr. Friedman as a testifying expert. Furthermore, although defendant represents that Dr. Friedman will not produce a full clinical report requiring a clinical interview, the court finds that he may interview Nicholas as necessary to determine what tests are appropriate for Nicholas's case.

1    **IT IS SO ORDERED.**

2    Dated: April 29, 2010

3    _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

**C09-02089 RS (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Elizabeth D. Rhodes | erhodes@kennmark.com, aroque@kennmark.com |
| Kymberly E. Speer | kspeer@kennmark.com, jcrowley@kennmark.com, snelson@kennmark.com |
| Mark B. O'Connor | mbo@shea-shea.com |
| Michael Murt Shea | mms@shea-shea.com |
| Michael Murt Shea, Jr | mmsjr@shea-shea.com, lo@shea-shea.com, nhancock@shea-shea.com, rr@shea-shea.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California

4