\*\* E-filed June 17, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD NICHOLAS,<br><br>        Plaintiff,<br>    v.<br><br>UNITED AIRLINES, INC., and DOES 1-50, inclusive,<br><br>        Defendants.<br>_____ / | No. C09-02089 RS (HRL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF HOWARD FRIEDMAN AND A FRCP 30(b)(6) DESIGNEE**<br><br>**[Re: Docket No. 30]** |

    Plaintiff Chad Nicholas ("Nicholas") alleges that he injured his back on September 5, 2007 during the landing of a flight operated by United Airlines, Inc. ("United"). His claims against United include chronic pain, an attention deficit as a result of the pain, and emotional distress.

    Previously, this Court ordered Nicholas to undergo neuropsychological testing with neuropsychologist Dr. Howard Friedman as well as to be examined by psychiatrist Dr. Bernard Rappaport. (Docket No. 26.) The order further specified that Dr. Friedman would not testify in this case, but that Dr. Rappaport (who will testify) could use the results of Dr. Friedman's testing to help develop his opinion. (*Id*.)

    Nicholas also claims that one of United's defenses is that Nicholas was not wearing his seatbelt properly during the landing of his flight. (Mot. at 3.) As such, Nicholas told United he wanted to depose a United representative about "the duties and responsibilities of flight attendants

for passengers being seatbelted [at the time of Nicholas's injury]" pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6). (*Id.*) United refused. (*Id.*)

Nicholas now moves this Court to compel the depositions of Dr. Friedman and a FRCP 30(b)(6) United representative about seatbelts.

## LEGAL STANDARD

FRCP 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

Ordinarily, an expert who has been retained or specially employed by a party in anticipation of litigation or to prepare for trial and who is not expected to be called as witness at trial is not subject to deposition by another party. FED. R. CIV. P. 26(b)(4)(B). Indeed, a party may do so only: (i) as provided in Rule 35(b); or (ii) upon showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(B).

"Courts considering the applicability of the 'exceptional circumstances' exception to the protections of [FRCP] 26(b)(4)(B) have repeatedly held that the existence of either of two situations warrants the imposition of the exception: (1) the object or condition observed by the non-testifying expert is no longer observable by an expert of the party seeking discovery, or (2) although it is possible to replicate expert discovery on a contested issue, the cost of doing so is 'judicially prohibitive.'" *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552, at *5 (S.D. Fla. May 28, 2008) (internal citations omitted) (collecting cases).

2

**DISCUSSION**

A. <u>Deposition of Dr. Friedman</u>

Nicholas argues that the first type of exceptional circumstance — that there are objects or conditions observed by the non-testifying expert that are no longer observable by an expert of the party seeking discovery — applies here. The gist of Nicholas's argument is that because Dr. Rappaport will base his testimony on Dr. Friedman's testing, it is necessary to depose Dr. Friedman to discover information about the testing in order to effectively cross-examine Dr. Rappaport. (Mot. at 4-6.) Specifically, he argues that only Dr. Friedman "knows what he did to the data" and observed Nicholas during the tests — that is, "[o]nly Dr. Friedman knows his test selections, test scoring, normative values selected and used and his unique interpretation of the test results" and "the efforts exerted by [Nicholas] during the test." (*Id*. at 4-5.) Nicholas's counsel represents (without submitting a supporting declaration from his own neuropsychologist expert) that this is particularly important because neuropsychological testing and the interpretation of the results is "very subjective in nature." (*Id*. at 5.)

United responds that exceptional circumstances do not exist. It cites to a case for the point that exceptional circumstances may exist where a non-testifying expert's report has been used by a testifying expert as the basis for his or her opinion or where there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert. *See Estate of Manship v. United States*, 240 F.R.D. 229 (M.D. La. 2006). It argues that because Dr. Friedman will not create an expert report upon which Dr. Rappaport will rely and because there has not been "substantial collaboration" between the two doctors, this is not a case with exceptional circumstances. (Opp'n. at 3.)

This Court is not persuaded that exceptional circumstances exist here. In ordering Nicholas to undergo neuropsychological testing by Dr. Friedman, this Court did not envision that Dr. Friedman's examination would entail much more than the gathering of data for presentation to Dr. Rappaport. And given the information provided in the moving papers and at the motion hearing, the Court remains skeptical of the "very subjective" nature of Dr. Friedman's testing and interpretation

of the results therefrom. Accordingly, this Court does not find exceptional circumstances which would warrant compelling the deposition of Dr. Friedman.

B. <u>Deposition of a FRCP 30(b)(6) United Representative</u>

Nicholas's argument regarding a FRCP 30(b)(6) deponent is simple: he contends that United claims as a defense that he was not properly wearing his seatbelt during landing and, thus, under FRCP 26(b)(1), he may obtain discovery regarding any nonprivileged matter that is relevant to it. Specifically, he seeks to depose a United representative about the "duties and responsibilities of flight attendants for passengers being seatbelted [at the time of Nicholas' injury]." (Motion at 6.)

United responds that Nicholas has already taken two lengthy depositions of two of the four flight attendants aboard Nicholas's flight (one of whom testified at length about this subject) and that he also will be deposing the remaining members of the flight crew. (*Id* at 5.) In other words, Nicholas has an entire United flight crew to provide him with the testimony he seeks with his request for a FRCP 30(b)(6) deponent.

Given the Court's obligation under FRCP 26(b)(2)(C) to limit discovery when it can be obtained from some other source that is more convenient, less burdensome or less expensive than that requested, this Court believes that Nicholas can get the information he seeks from the members of the flight crew he has deposed and will depose in the normal course.

Based on the foregoing, Plaintiff's motion to compel is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 17, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C09-02089 RS (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Elizabeth D. Rhodes | erhodes@kennmark.com, aroque@kennmark.com |
| Kymberly E. Speer | kspeer@kennmark.com, jcrowley@kennmark.com, snelson@kennmark.com |
| Mark B. O'Connor | mbo@shea-shea.com |
| Michael Murt Shea | mms@shea-shea.com |
| Michael Murt Shea , Jr | mmsjr@shea-shea.com, lo@shea-shea.com, nhancock@shea-shea.com, rr@shea-shea.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California